UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12-cr-84 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| SHANE LEE WEATHERSBY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## REPORT AND RECOMMENDATION

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on October 19, 2012, after receiving the written consent of defendant and all counsel. At the hearing, defendant Shane Lee Weathersby entered a plea of guilty to Counts 1 and 2 of the Superseding Felony Information charging him with interstate travel in aid of racketeering and unlawful use of a communication facility, in violation of 18 § 2 and 1952(a)(3); and 21 § 843(b) and 843(d)(1), in exchange for the undertakings made by the government in the written plea agreement as amended orally.

In addition to the written plea agreement, the parties placed two oral agreements on the record: (1) the Government will bring no additional charges against defendant in this district, provided that defendant has informed the Government of the conduct underlying the potential charges (crimes of violence and tax crimes and conspiracies are excepted from this agreement); and

(2) the Government will not file a Supplemental Information under 21 U.S.C. § 851 concerning a prior felony drug conviction..

On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to Counts 1 and 2 of the Superseding Felony Information be accepted, that the court adjudicate defendant guilty of the charge, and that the written plea agreement be considered for acceptance at the time of sentencing. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement as amended orally, and imposition of sentence are specifically reserved for the district judge.

Dated:  October 23, 2012         /s/  Joseph G. Scoville
                                 U.S. Magistrate Judge


**NOTICE TO PARTIES**

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than 14 days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d).  A failure to file timely objections may result in the waiver of any further right to seek appellate review of the plea-taking procedure. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).